# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 25-1385; Milligan v. Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| **Originating No. & Caption** | 3:24-cv-00440; Milligan v. Merrill Lynch, Pierce, Fenner & Smith |
| **Originating Court/Agency** | Western District of North Carolina, Charlotte Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S. Code § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days after final judgment | |
| Date of entry of order or judgment appealed | March 11, 2025 | |
| Date notice of appeal or petition for review filed | April 9, 2025 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ☉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ☉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Plaintiff filed this lawsuit as a class action under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover the deferred compensation that he and other financial advisors ("FAs") forfeited in violation of ERISA § 203(a), 29 U.S.C. § 1053(a), when they left Merrill Lynch. These awards of deferred compensation are held in the WealthChoice Contingent Award Plan (the "Plan"). Under the Plan, awards "vest" in eight years, but FAs forfeit their awards if they leave before these vesting dates (the "Cancellation Rule").

Plaintiff contends that the Plan is an "employee benefit pension plan" under ERISA because it "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." ERISA § 3(2)(A)(ii), 29 U.S.C. § 1002(2)(A)(ii). He also contends that the Cancellation Rule violates ERISA's vesting and anti-forfeiture requirements. He sought declaratory and injunctive relief, including reformation of the plan to eliminate the Cancellation Rule, and a claim for benefits under the plan, as reformed.

The district court concluded that the Plan is not governed by ERISA, and granted summary judgment to defendants.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the district court erred in concluding that Merrill Lynch's WealthChoice Plan was not an "employee pension benefit plan" under 29 U.S.C. § 1002(2)(A)(ii), despite evidence that the plan results in a deferral of income by employees for periods extending to the termination of covered employment or beyond?<br><br>2. Whether the district court erred in applying a purpose-based test rather than the "results in" test explicitly required by 29 U.S.C. § 1002(2)(A)(ii), which asks only whether the plan "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond"?<br><br>3. Whether the district court erred in concluding that awards issued under the Plan are discretionary bonuses, rather than deferred commissions?<br><br>4. Whether the district court erred in applying the Department of Labor's "systematic deferral" test from 29 C.F.R. § 2510.3-2(c) in a manner that effectively nullified ERISA's statutory "results in" test? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Merrill Lynch, Pierce, Fenner & Smith, Inc.<br>Attorney: Matthew A. Russell<br>Address: Morgan, Lewis & Bockius LLP<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606<br><br>E-mail: matthew.russell@morganlewis.com<br>Phone: (312) 324-1000 | Adverse Party: Bank of America Corp.<br>Attorney: Matthew A. Russell<br>Address: Morgan, Lewis & Bockius LLP<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606<br><br>E-mail: matthew.russell@morganlewis.com<br>Phone: (312) 324-1000 |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** _John S. Edwards, Jr._     **Date:** April 28, 2025

**Counsel for:** Appellant Kelly Milligan

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:      Date: