# Morgan Lewis

**Michael E. Kenneally**
Partner
+1.202.739.5893
michael.kenneally@morganlewis.com

October 2, 2025

**VIA ECF**

Nwamaka Anowi
Office of the Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street
Suite 501
Richmond, VA 23219

Re: *Milligan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
No. 25-1385
<u>Citation of Supplemental Authority Under Rule 28(j)</u>

Dear Ms. Anowi:

On September 9, 2025, the Department of Labor issued Advisory Opinion 2025-03A. The Opinion concludes—contrary to the out-of-Circuit dicta in *Shafer v. Morgan Stanley*, 2023 WL 8100717 (S.D.N.Y. Nov. 21, 2023)—that Morgan Stanley's "deferred incentive compensation program" is not an "employee pension benefit plan" under 29 U.S.C. § 1002(2)(A) and instead is a "bonus program" under 29 C.F.R. § 2510.3-2(c). Op. 4-6. The Opinion thus reaffirms DOL's considered and consistent rejection of Plaintiff's theories and supports affirmance in this case. *See* Defs.' Br. 46-49 (explaining why DOL's bonus-plan regulation carries the force of law given ERISA's express delegation of rulemaking authority in 29 U.S.C. § 1135 and why DOL's consistent interpretation of ERISA, issued contemporaneously with the statute, is entitled to significant respect).

Much like WealthChoice here, the Morgan Stanley program provided financial advisors incentive compensation awards that usually were paid

Morgan, Lewis & Bockius LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004          T +1.202.739.3000
United States                  F +1.202.739.3001

Nwamaka Anowi
October 2, 2025
Page 2

only if the advisor remained employed through a "scheduled vesting date" years later. Op. 2. But, also like WealthChoice, the Morgan Stanley program provided limited exceptions to this vesting rule for separations due to death, disability, or retirement. *Id.*

Rejecting Plaintiff's lead argument in this case, DOL explained that the existence of such exceptions "does not automatically mean that the arrangement is a pension plan." Op. 4. On this point, DOL favorably cited the district court decision in this case, noting its consistency with decades of DOL and court of appeals determinations. Op. 5 n.9. DOL's reasoning closely tracks Defendants' argument, citing the same appellate authorities, that ERISA's "pension plan" definition does not encompass WealthChoice. *See* Defs.' Br. 22-38.

In addition—and again rejecting Plaintiff's position—DOL concluded that the Morgan Stanley program constituted a "bonus program," even though it "calculates bonus as a percentage of revenue generated by the participants." Op. 5-6. DOL noted that the Morgan Stanley awards rewarded retention and overwhelmingly went to current employees rather than former employees. This conclusion follows with even greater force for WealthChoice awards. *See* Defs.' Br. 38-46.

Respectfully submitted,

/s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

Counsel for Defendants-Appellees
Merrill Lynch, Pierce, Fenner &
Smith, Incorporated and Bank of
America Corporation

Enclosure
cc: All Counsel of Record (via ECF)