

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
**o.** 860.882.1681   **f.** 860.882.1682

**Mathew P. Jasinski**
*Licensed in CT, NY*
direct:  (860) 218-2725
mjasinski@motleyrice.com

October 31, 2025

**VIA ECF**

Nwamaka Anowi
Office of the Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 232219

Re:  ***Milligan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.***
     **No. 25-1385**
     <u>Response to Citation of Supplemental Authority</u>

Dear Ms. Anowi:

Defendants identify DOL Advisory Opinion 2025-03A as supplemental authority. But as detailed in a recent complaint under the Administrative Procedure Act, *Sheresky v. United States*, No. 25-cv-08935 (S.D.N.Y.), that opinion is arbitrary and capricious and contrary to law. Thus, it is neither binding nor persuasive.[1]

To begin, the opinion shares the same defects as the decision in this case. First, it imports a purpose test into 29 U.S.C. §1002(2)(A)(ii). That subsection establishes a results-based test. Op. 4; Pl.'s Br. 18-24. But the DOL relied on the plan's self-serving statement that it is a "bonus program and not a retirement plan." Op. 3. Second, the DOL's application of 29 C.F.R. §2510.3-2(c) imposed a "systematic deferral" requirement that conflicts with ERISA's text. Op. 5-6; Br. 49-55.

---

[1] Advisory opinions "do not have precedential effect." *Sweda v. Univ. of Pa.*, 923 F.3d 320, 329 n.5 (3d Cir. 2019). At most, they are entitled to respect, to the extent they have the power to persuade. *Id.*

<mark>USCA4 Appeal: 25-1385      Doc: 74          Filed: 10/31/2025      Pg: 2 of 2</mark>



October 31, 2025
Page 2

Third, the opinion ignores key precedent, such as *Tolbert v. RBC* (5th Cir. 2014), and *Paul v. RBC* (W.D. Wash 2018). *See* Pl.'s Br. 32-27. It even ignores *Shafer v. Morgan Stanley* (S.D.N.Y.), in which the court *twice* concluded that ERISA applied to the same Morgan Stanley plans before the DOL. Pl.'s Br. 19-20. In contrast, the DOL accepted Morgan Stanley's assertion that various agencies "require" deferred compensation. Op. 8. They do not. *See* Compl. ¶¶ 63-67, *Sheresky*, ECF 1.

Finally, the opinion is improper procedurally. ERISA Procedure 76-1 generally limits advisory opinions to "prospective transactions." *Id.*, §5.01. The DOL even informs requesters that it will "not issue letters for use in any investigation or litigation matter that existed before submitting your request."[2] Yet Morgan Stanley expressly sought the opinion to influence pending arbitrations. Compl. ¶ 47, *Sheresky*, ECF 1.

In sum, the opinion's disregard for statutory text, relevant precedent, and procedural safeguards demonstrates why courts must "exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). This Court should reject the DOL's flawed analysis.

Respectfully submitted,

*/s/ Mathew P. Jasinski*
  Mathew P. Jasinski

Counsel For Plaintiff-Appellant

Cc: All Counsel of Record (via ECF)

---

[2] www.dol.gov/agencies/oasp/compliance-initiatives/opinion-letters.